FRANCES DU JU, pro se
Email: frances3688@gmail.com
P. O. Box 88422, Tukwila, WA 98138
Tel: (206) 250-0892
Plaintiff pro se

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| FRANCES DU JU, | NO: 2: 25-cv-01812-DWC |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM TO PROTECT SUPERVENING TAIWAN'S GOVERNMENTAL INTEREST AND INTEGRITY OF JUDICIAL PROCESS |
| TSAI JEN-YU, | |
| Defendant. | |
| | NOTE ON MOTION CALENDAR: DECEMBER 16, 2025 |

COMES NOW the Plaintiff, files her ex-parte Motion for Leave to proceed under pseudonym as the Plaintiff wants to add the female court employee at the door of courtroom #2 where Judge Tsai heard the cases as a co-defendant.

**STATEMENT OF FACTS**

On September 18, 2025, the Plaintiff filed her Complaint [Dkt. #1] with this court. In ¶¶ 4.6, 4.8, and 4.33 of her Complaint, and in the Plaintiff's State Compensation claim, the Plaintiff

MOTION FOR LEAVE TO PROCEED
UNDER PSEUDONYM - 1

FRANCES DU JU, PRO SE
P. O. BOX 88422, TUKWILA, WA 98138
TEL: (206) 250-0892

described how the female employee committed intentional and willful misconduct, with a big ambition and conspiracy against the Plaintiff, when she tried to pursue a marriage with the Plaintiff's adversary Mr. Chwen-Jye Ju without a just means, and caused personal injury upon the Plaintiff.

On 9/18/2025, the Plaintiff was in a hurry to meet the two-year statute of limitation to include the female employee's misconduct and conspiracy, and how Judge Tsai acted like Mr. Chwen-Jye Ju's attorney and tried to refute what the Plaintiff said on 9/19/2023.  The Plaintiff looked at the translated copy of Judge Tsai's 8/26/2024 Order, and copied his name from what the translator designated.

The next morning, when the Plaintiff read the court's letter sent by email [Dkt. #4] identifying the case as Ju v. Jen-Yu, the Plaintiff realized that she made a mistake.  For more than a decade, the media has identified Chinese names as "last name first", which is consistent with how Chinese say people's names.  However, in the traditional way, the Defendant should have been identified as Jen-Yu Tsai.  The Plaintiff immediately informed the court's "new case department" regarding the error.  The department informed the Plaintiff that she should file an amended complaint.

On September 25, 2025, this court's Order [Dkt. #7} denied the Plaintiff's Motion to Serve by Mail without prejudice.  In the Order, this court wanted the Plaintiff to show that she contacted the Defendant.  The challenges with Service of Process on defendants in Taiwan, which have historically allowed for evasion, are still significant today.  In Taiwan, one of the most used strategies to avoid being sued is to not get served.  Therefore, unlike in the U.S., plaintiffs usually keep their mouth shut until defendants accept the Summons and Complaint via registered mail.

MOTION FOR LEAVE TO PROCEED  
UNDER PSEUDONYM - 2

FRANCES DU JU, PRO SE  
P. O. BOX 88422, TUKWILA, WA 98138  
TEL: (206) 250-0892

Many defendants arrange to escape to a foreign country while refusing to accept the Summons and Complaint. Even though Taiwan has revised its law to fix this loophole, not accepting Summons and Complaint is still widely adopted as a strategy.

The court's 9/25/2025 Order made the Plaintiff want to go through the Letters Rogatory process to secure future enforceability. There are many aspects to work on. The Plaintiff contacted several attorneys in Taiwan. However, no luck so far. One of the rules to survive and prosper in Taiwan is not to fight with the court or people who work at the court. The Plaintiff then realized that she must work on her own and seek remedy from the Court. Or, if financially possible, find an attorney in the U.S.

The Plaintiff believes that she must get the court to approve her Amended Complaint before starting the Letters Rogatory process. While the Plaintiff works on amending the Complaint, she realizes that adding the female court employee is necessary. The female court employee is actually a tortfeasor.

The female court employee did not want to give the Plaintiff her name. Public employees in Taiwan usually hold the job for life. Compared with the private sector, public employees usually enjoy their light workload and good pay. The State Compensation law covers all the government entities, agencies, and public employees. As a tortfeasor, the female court employee, when being found responsible, must pay her share of damages, and the rest of the damages, when there still is, will be paid by the State Compensation law coverage. Adding the female court employee could protect the major public interest of Taiwanese people.

Other than the female court employee, the Plaintiff wants to add the Taiwan's Legal Aid Foundation ("LAF") as a co-defendant. The LAF 3-attorney's panel approved the sponsorship of

the Plaintiff's case based on the 5/25/2016 Contempt Order. The panel identified the case as a Debt Recovery case. However, its administrative staff sent the case to a Family Law attorney.

Debt Recovery is a "civil litigation" in Taiwan. At the first-level court, if the case involves important or complicated issue, or if the parties do not dispute the claimed amount of the case, or if the claimed amount exceeds a certain threshold such as NT$500,000, the court might think that it is necessary to assign the case to a Three-Judge Panel instead of to a Single Judge. For a case exceeding NT$1,500,000, (approximately US$48,707), it is usually a Three-Judge Panel. The amount of the 5/25/2016 Contempt Order was US$697,696.08. The Plaintiff's case being assigned to the Family Court was the source of all the trouble and dispute, where the female court employee and Judge Tsai can play out their conspiracy. The Plaintiff believes that she should also add the LAF as a co-defendant, for Res Judicata purposes.

The LAF is a foundation instead of a government entity. Therefore, the State Compensation law does not directly govern what the LAF did, even though the LAF's funding is from the Judicial Yuan, which is the highest organization of Taiwan's Judicial system. The Plaintiff does not need to file a State Compensation claim with the Judicial Yuan of Taiwan before adding the LAF as a co-defendant.

## LEGAL ARGUMENT

**A.    Closure by using Pseudonym temporarily will eventually bring a full view of the case and Openness, and Promote Judicial Justice.**

The court usually requires accurate record-keeping and openness. Using a Pseudonymous name, Jane Doe, may result in problems in jurisdiction, accountability, and the public's right of access, among other issues. However, when the discovery process starts, Judge Tsai must reveal the female court employee's true identity to show that he was influenced by her when he does not

want to take all the fall by himself, and that she is the tortfeasor who should be responsible. Thus, this newly-added co-defendant will not be under Pseudonym any longer. The Pseudonymous name, Jane Doe, should be short-lived and it is of a temporary nature. This means that Jane Doe is temporarily used to identify the female court employee. This also protects the integrity of the judicial process.

Courts have s strong presumption against Anonymity. See <u>Richmond Newspapers, Inc. v. Virginia</u>, 448 U.S. 555 (1980). Criminal trials must be open to the public unless there is evidence to support an overriding countervailing interest. "[A]ny privilege of access to governmental information is subject to a degree of restraint dictated by the nature of the information and countervailing interests in security or confidentiality." <u>Id.</u> at <u>448 U. S. 586</u>.

Using the Anonymity in this case is of the temporary nature. The adoption of Anonymity is to hold the female court employee responsible for what she did, intended to do, and her conspiracy. It will not block the public from getting access to Taiwan's governmental information. After the discovery starts, and at the trial, the public will have a full view of the nature of the information and countervailing interests in security or confidentiality.

There is no third party to be harmed when adding the female court employee under Pseudonym as a co-defendant. When the court grants the Plaintiff's Motion, Judge Tsai does not need to take the fall all by himself. It promotes Judicial Justice.

**B.** **Plaintiff meets the non-exhaustive multi-factor test in Doe v. Megless; and seeks an Exception Permitted to Proceed Anonymously when an Exceptional Circumstance Exists.**

In <u>Doe v. Megless</u>, 654 F.3d 404, 408 (3d Cir. 2011), the court established a non-exhaustive multi-factor test for when plaintiffs can proceed anonymously, i.e., using pseudonyms, in the

MOTION FOR LEAVE TO PROCEED                    FRANCES DU JU, PRO SE
UNDER PSEUDONYM - 5                                         P. O. BOX 88422, TUKWILA, WA 98138
                                                             TEL: (206) 250-0892

federal court. "The factors in favor of anonymity included: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives" citing Doe v. Provident Life and Ace. Ins. Co., 176 F.R.D. 467-68 (E.D.Pa. 1997)

For the first, third, and fourth factors, using Jane Doe in this case, is not to block the public's right of access to the information. The pseudonym will only be used before Judge Tsai reveals the identity of his female court employee. If a pseudonym is not allowed and the female court employee is not added as a co-defendant, on the contrary, the public will not know who the real tortfeasor is. Other than not protecting Taiwan's governmental interest, the integrity of judicial justice cannot be reached. The second factor is not applicable in this case.

For the fifth factor, the undesirability of forfeiting valid claims due to anonymity acts against the integrity of judicial justice. For the sixth factor, the Plaintiff has no illegitimate motives to ask the court for leave to use a pseudonym. "While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." Doe v. Megless citing Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 371 n.2. The Plaintiff is seeking one of the exceptions permitted to proceed anonymously when an exceptional circumstance exists, i.e., "exceptional case" standard.

MOTION FOR LEAVE TO PROCEED  
UNDER PSEUDONYM - 6

FRANCES DU JU, PRO SE  
P. O. BOX 88422, TUKWILA, WA 98138  
TEL: (206) 250-0892

C.   **Press Enterprise Co. v. Superior Court, 454 U.S. 501 (1984).**

In Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984), the Supreme Court held that the presumption of openness can only be rebutted by an "overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 508-510.

A leave for using pseudonym Jane Doe to identify the female court employee who is a real tortfeasor until the discovery is to support the "supervening" nature of Taiwan's governmental interest and the integrity of the judicial process.  The overriding interest of temporary "closure" (using a pseudonym) is essential to preserve higher values (Taiwan's government interest and judicial justice), and narrowly tailored to serve that interest.

D.   **Some USDCs have pre-set Rules to Proceed under Pseudonym.**

Some U.S. District Courts allow attorneys to electronically file civil cases that are accompanied by a motion to proceed under pseudonym.  For example, at the United States District Court, District of Columbia website, the first web page showed "Attorney Civil Case Opening Information", then "Civil Case Opening Instructions", followed by "Guide: Opening a Civil Case with Pseudonymous Motion".  When the Plaintiff clicked the link, a web page "OPENING CIVIL CASE WITH PSEUDONYMOUS MOTION" showed up,

https://www.dcd.uscourts.gov/sites/dcd/files/PseudoMotion.pdf

See Exhibit A.  Similarly, at the United States District Court, Southern District of Indiana, Local Rule 10-1 regards "Names of Parties – Pseudonym Litigant" also provides a procedural model:

https://www.insd.uscourts.gov/content/local-rule-10-1-names-parties-pseudonym-litigant

MOTION FOR LEAVE TO PROCEED                              FRANCES DU JU, PRO SE
UNDER PSEUDONYM - 7                                      P. O. BOX 88422, TUKWILA, WA 98138
                                                         TEL: (206) 250-0892

*See* Exhibit B. The Plaintiff respectfully hopes that this court is also open to a Motion to Proceed under Pseudonym, and that this court would grant the Plaintiff's Motion.

E.   **There is very low Prejudice, if any, to the Female Court Employee.**

The Plaintiff is requesting to proceed with the female court employee under pseudonym, but the Plaintiff is not asking for the entire case file to be closed or sealed. The Plaintiff's asking for the court's leave to proceed under pseudonym is not to block the public's right to court's openness, but to seek that the public's interest in the case and judicial justice would be best served. "[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." Does v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000); citing Doe v. Stegall, 653 F.2d 185 (5th Cir. 1981).

The female court employee will not be unfairly prejudiced by litigating against a pseudonym temporarily. The prejudice to her is very low, if any. Using a pseudonym for the female court employee temporarily does not impair her ability to conduct discovery, investigate the claims, or prepare a defense.

F.   **This Motion does not Require Immediate Service until the Adversarial Parties are Served and Appeared in the cause.**

For the service of this ex-parte motion, Federal Rules of Civil Procedure have exceptions such as in FRCP 5(a)(1)(D), 6(c)(1)(A) and (C). In this case, the Plaintiff plans to serve the Summons and Complaint upon the Defendant(s) via Letters Rogatory, and it may take a considerably long time before the Defendant(s) are served. When we refer to Exhibit B, the USDC Southern District of Indiana Local Rule 10-1(c), it states, "(c) Service. The Notice and motion must be served on each opposing party within 7 days of the opposing party's appearance." This

MOTION FOR LEAVE TO PROCEED                     FRANCES DU JU, PRO SE
UNDER PSEUDONYM - 8                             P. O. BOX 88422, TUKWILA, WA 98138
                                                TEL: (206) 250-0892

means that ex-parte motions on Pseudonym do not require immediate service on the unserved adversarial party, and can be served after the adversarial party appears in the cause.

The FRCPs imply that a party who has not been initially served with the Summons and Complaint and has not yet made an appearance is not considered a "party" for the purpose of receiving routine post-filing documents.

## CONCLUSION

Based upon the foregoing, the Plaintiff respectfully requests that this court grant her motion for Leave to Proceed under Pseudonym to Protect supervening Taiwan's governmental interest and integrity of Judicial Process.

DATED: December 16, 2025.

Respectfully Submitted,

*s/ Frances D. Ju*
FRANCES DU JU
Plaintiff pro se

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on December 16, 2025.  I also certify that I will serve the foregoing upon the Defendant(s) at the following address after service by Letters Rogatory is done and Defendant(s) appear in the cause.

>The Honorable Jen-Yu Tsai
>No. 248, Zhongxing Road, Section 1,
>Xindian District, New Taipei City,
>Taiwan 231, R.O.C.

DATED: December 16, 2025.

  *s/ Frances D. Ju*  
FRANCES DU JU, pro se
