UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCES DU JU,<br><br>      Plaintiff,<br>  v.<br><br>TSAI JEN-YU,<br><br>      Defendant. | CASE NO. 2:25-CV-1812-DWC<br><br>ORDER ON MISCELLANEOUS MOTIONS |

This matter comes before the Court on two pending motions filed by *pro se* Plaintiff Frances Du Ju: a motion for order directing the United States Marshals Service ("USMS") to effect international service via letters rogatory (Dkt. 9) and a motion for leave to proceed under pseudonym (Dkt. 10). For the following reasons, Plaintiff's motion for service by the USMS (Dkt. 9) is DENIED and Plaintiff's motion to proceed under pseudonym (Dkt. 10) is GRANTED as detailed below.

**I. Background**

On September 18, 2025, Plaintiff filed a complaint against Defendant Tsai Jen-Yu, a judge in the Family Court of the Taipei District Court, and paid the filing fee. *See* Dkt. 1.

Plaintiff also filed a motion requesting permission to serve Defendant by mail at his place of employment in Taiwan. Dkt. 2. The Court denied the motion without prejudice, finding Plaintiff had not provided sufficient information for the Court to grant the relief she requested. Dkt. 7.

On December 16, 2025, Plaintiff filed three separate motions: a motion for leave to proceed *in forma pauperis* (Dkt. 8), a motion for order directing the USMS to effect international service via letters rogatory (Dkt. 9), and a motion for leave to proceed under pseudonym (Dkt. 10). On January 30, 2026, the Court denied Plaintiff's motion to proceed *in forma pauperis* ("IFP") as moot, noting she had already paid the filing fee. Dkt. 12.

## II.   Motion for Order Directing USMS to Effect International Service Via Letters Rogatory (Dkt. 9)

In Plaintiff's motion, she asserts that she is eligible for IFP status under 28 U.S.C. § 1915(a) and requests that the USMS be directed to effect service of the summons and complaint on Defendant through letters rogatory at the U.S. Government's expense. Dkt. 9. She argues she is entitled to service by the USMS pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *Id.*

Plaintiff is correct that, under the Federal Rules of Civil Procedure, the Court must grant a request for service by the USMS made by a plaintiff proceeding IFP. Fed. R. Civ. P 4(c)(3). But as noted above, the Court declined to grant Plaintiff IFP status. *See* Dkt. 12. "The Court's authority to order that service be made by the marshals when a plaintiff is neither *in forma pauperis* nor a seaman is discretionary[.]" *Keegan v. United States*, No. C24-0656, 2025 WL 904451, at *1 (W.D. Wash. Mar. 25, 2025) (quoting *Volpe v. JP Morgan Chase Bank*, No. 8:22-cv-01054, 2022 WL 3643754, at *1 (C.D. Cal. June 21, 2022)). The 1982 Advisory Committee Notes for Rule 4 provide that a plaintiff should "first . . . seek service by private means whenever

feasible rather than impose the burden on the Marshals Service" and that "court orders directing service by marshal should not be issued unless they really are necessary." 93 F.R.D. 255, 262.

In her motion, Plaintiff argues she is unable to bear the costs of the letters rogatory process. Dkt. 9. She does not provide any other information to explain why service by the USMS is necessary or to show any attempts to seek service by private means except to note that her previous motion to serve by mail was denied.[1] *Id.* This is insufficient to show that service by the USMS is justified, and Plaintiff's motion for service by the USMS (Dkt. 9) is denied.

The Court notes Plaintiff appears to argue that, because her previous motion to serve by mail was denied, she must proceed via the letters rogatory process. Dkt. 9 at 3. But the Court denied Plaintiff's motion to serve by mail without prejudice, finding only that Plaintiff had not provided sufficient information to show service by mail was appropriate. Dkt. 7. The Court specifically noted Plaintiff's motion lacked any information on whether Defendant is evading service of process or whether Plaintiff has been in contact with Defendant. *Id.*

### III.     Motion for Leave to Proceed Under Pseudonym (Dkt. 10)

In the second pending motion, Plaintiff indicates she wishes to name another Defendant in this case but does not know the identity of the individual. *See* Dkt. 10. She intends to file an amended complaint adding a "Jane Doe" Defendant, who is an employee of the same court as the current named Defendant, and attempt to identify the individual during the discovery process. *Id.*

The use of "Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But "where the identity of alleged defendants will not be known prior to the filing of a complaint[, . . .] the plaintiff should be given an opportunity through discovery

---

[1] In Plaintiff's second pending motion (Dkt. 10), she states Defendants in Taiwan often attempt to evade service but provides no specific information regarding the Defendant in this case.

ORDER ON MISCELLANEOUS MOTIONS - 3

to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* Accordingly, Plaintiff's motion (Dkt. 10) is granted to allow Plaintiff to identify a potential additional Defendant as "Jane Doe" until Plaintiff can discover the individual's identity.

The Court reminds Plaintiff she must file a motion if she wishes to amend her complaint. The Court will then consider the motion and issue its ruling on whether to allow the amended complaint to be filed. Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Any amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the complaint by reference. The amended complaint will act as a complete substitute for the complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in any amended complaint, Plaintiff must also include and re-allege all claims against the current named Defendant.

### IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for service by the USMS (Dkt. 9) is DENIED and Plaintiff's motion to proceed under pseudonym (Dkt. 10) is GRANTED as detailed above.

Dated this 5th day of February, 2026.

David W. Christel
United States Magistrate Judge