UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCES DU JU, | CASE NO. C25-1812JLR |
| Plaintiff, | ORDER |
| v. | |
| TSAI JEN-YU, et al., | |
| Defendants. | |

## I.      INTRODUCTION

Before the court are two motions filed by *pro se* Plaintiff Frances Du Ju:  (1) a motion for limited *in forma pauperis* ("IFP") status (2d IFP Mot. (Dkt. # 15)) and (2) a motion for service of process by the United States Marshals Service ("USMS") (3d Service Mot. (Dkt. # 14)).  Ms. Ju has not yet served any of the Defendants, and none of the Defendants have appeared in this action.  (*See generally* Dkt.)  The court has considered Ms. Ju's motions, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Ms. Ju's motion for IFP status, DISMISSES

ORDER - 1

some of Ms. Ju's claims on 28 U.S.C. § 1915 review, and DENIES Ms. Ju's motion for service by the USMS.

## II.    BACKGROUND

**A.    Factual Background**

This action arises from what Ms. Ju describes as an "intentional and coordinated obstruction of a valid United States Judgment" by her former husband, Defendant Chwen-Jye Ju, Defendants Judge Jen-Yu Tsai and Jane Doe of the Family Court of Taipei in Taiwan, and Defendant the Legal Aid Foundation of Taiwan ("LAF"), an agency of the government of Taiwan.  (Am. Compl. (Dkt. # 21) at 1.)  Ms. Ju alleges that in May 2016, the Clark County Superior Court in Washington State issued a contempt order and judgment for $697,696.08 against Mr. Ju for unpaid child support and spousal maintenance arrears.  (*Id.* ¶ 4.1.)  She also alleges that Mr. Ju, who moved to Taiwan in approximately 2003, has refused to claim Social Security retirement benefits that he earned while living in the United States to prevent the Social Security Administration ("SSA") from garnishing those benefits to satisfy his debt to Ms. Ju.  (*Id.* ¶¶ 4.4-4.7; *see id.* ¶ 4.13.)  Mr. Ju has since purchased luxury property in Taiwan using the funds that he owes Ms. Ju for unpaid child support and spousal maintenance.  (*Id.* ¶ 4.13.)

Ms. Ju asserts that when she tried to enforce the Clark County judgment in a 2023 legal action in Taiwan, "she was met with a series of administrative and judicial traps designed to ensure her failure and cause her physical and financial ruin."  (*Id.* at 2.)  Specifically, Ms. Ju alleges that the staff of the LAF negligently misclassified her action to enforce the Clark County judgment as a family law action instead of a debt recovery

ORDER - 2

action, which "stripp[ed] [her] of her right under Taiwan procedure [sic] rule to a Three-Judge Panel" and "diverted" her case to "a single-judge Family Court." (*Id.* at 2; *id.* ¶ 4.3.)  Subsequently, according to Ms. Ju, Defendant Jen-Yu Tsai, a judge of the Family Court of the Taipei District Court in Taiwan, and Defendant Jane Doe, a Family Court employee, "engaged in a willful and malicious concert of action" to deny Ms. Ju due process "through the use of outdated residency data and the withholding of legal notice," resulting in an "illegal seizure" of Ms. Ju's funds.  (*Id.* at 2.)  Ms. Ju further alleges that during a hearing in Taiwan on September 19, 2023, Ms. Doe "engaged in a bad-faith procedural delay" and "simulat[ed] clerical activity without actually processing [Ms. Ju's] check-in[,]" thereby breaching her "non-discretionary ministerial duty to timely process litigants." (*Id.* ¶¶ 4.9, 4.10.)  During the same hearing, according to Ms. Ju, Judge Tsai "engaged in conduct that exceeded his judicial discretion by acting as an advocate for" Mr. Ju, who had failed to appear at the hearing.  (*Id.* ¶ 4.11.)

In November 2023, Ms. Ju participated in a subsequent hearing in her family law case.  (*See id.* ¶ 4.14.)  Ms. Ju contends that Judge Tsai and court staff failed to ensure that certain court filings were served to her, resulting in a "trial by surprise" during the November 2023 hearing, after which Judge Tsai denied her request to enforce the Clark County judgment.  (*Id.* ¶¶ 4.15-18.)  She declined to appeal Judge Tsai's order due to the cost of such an appeal.  (*Id.* ¶ 4.19.)  She further alleges that Judge Tsai intentionally sent an order assessing litigation costs to her at an obsolete address in Taiwan despite knowing she resided in Seattle, Washington, which resulted in the seizure of retirement funds she had accrued in an account in Taiwan.  (*Id.* ¶¶ 4.22-4.24.)

According to Ms. Ju, as a result of Defendants' conduct, she has lost benefits in the United States, was unable to afford necessary dental treatment, and has suffered from cognitive deterioration.  (*Id.* ¶¶ 4.25-4.28.)

**B.    Procedural Background**

This is Ms. Ju's second action in this court arising from Mr. Ju's failure to pay child support and spousal maintenance in accordance with the Clark County judgment.

1.    2024 Action

Ms. Ju filed her first action, *Ju v. Chwen Jye Ju*, No. C24-0183RAJ (W.D. Wash.) ("*Ju*"), on February 8, 2024, naming only Mr. Ju as a defendant.  (*See generally Ju* Compl. (C24-0183RAJ Dkt. # 1).[1])  In that case, like this one, she alleged that Mr. Ju had failed to comply with court orders to pay child support and spousal maintenance and that she had obtained a contempt order and judgment in Clark County in May 2016.  (*See id.* at 4.)  She further alleged that she had obtained a writ of garnishment against Mr. Ju's Social Security retirement benefits in July 2016, but the SSA informed her that he had not applied for those benefits despite being over 70 years old.  (*Id.*)  As relief, Ms. Ju sought an order requiring Mr. Ju to pay past-due child support, expenses, and spousal maintenance and awarding her Mr. Ju's Social Security retirement benefits, among other relief.  (*See id.* at 14-15.)

In July 2024, United States District Judge Richard A. Jones granted Ms. Ju's motion to serve Mr. Ju in Taiwan by mail, but expressed concern about whether this court

---

[1] For expediency, the court cites filings in *Ju* by referring to the case number and docket number.

ORDER - 4

would ultimately be able to assert personal jurisdiction over Mr. Ju in Taiwan. (7/17/24 *Ju* Order (C24-0183RAJ Dkt. # 9).)

In September 2024, Ms. Ju moved for a preliminary injunction directing Mr. Ju to apply for his Social Security retirement benefits "immediately" or, in the alternative, to authorize Ms. Ju to contact the SSA to garnish those benefits; to transfer the deed and title of his apartment in Taiwan to Ms. Ju; and to disburse certain funds. (*See* 2d *Ju* PI Mot. (Dkt. # 16).) On April 14, 2025, Judge Jones denied Ms. Ju's motion and dismissed the case *sua sponte* for lack of subject matter jurisdiction because, although Ms. Ju sought the garnishment of Mr. Ju's Social Security retirement benefits as her primary source of relief, she had not shown that she had applied for his benefits with the SSA and exhausted her administrative remedies. (4/14/25 *Ju* Order (C24-0183RAJ Dkt. # 18).)

2.     The Current Action

Ms. Ju filed her original complaint in this action against Judge Tsai alone on September 18, 2025. (Compl. (Dkt. # 1).) She paid the filing fee and alleged four "theories of recovery:" judicial fairness, failure to follow the standard of care, *res ipsa loquitur*, and concert of action. (*Id.* ¶ 5.3.) Along with her complaint, she filed a motion for leave to serve Judge Tsai at his place of employment in Taiwan by First Class International Mail or International Registered Mail. (1st Service Mot. (Dkt. # 2).) United States Magistrate Judge David W. Christel denied the motion without prejudice because Ms. Ju had not provided enough information to demonstrate that she was entitled to the relief she sought. (9/25/25 Order (Dkt. # 7).)

On December 16, 2025, Ms. Ju filed three motions:  a motion for leave to proceed IFP (1st IFP Mot. (Dkt. # 8)); a motion for an order directing the USMS to serve Judge Tsai in Taiwan through letters rogatory (2d Service Mot. (Dkt. # 9)); and a motion for leave to name Ms. Doe under pseudonym (Pseudonym Mot. (Dkt. # 10)).  On January 20, 2026, Magistrate Judge Christel denied Ms. Ju's motion for leave to proceed IFP as moot because she had already paid the filing fee.  (1/30/26 IFP Order (Dkt. # 12).)  On February 5, 2026, Magistrate Judge Christel granted Ms. Ju's motion for leave to name Ms. Doe under pseudonym until Ms. Ju can discover her identity.  (2/5/26 Order (Dkt. # 13) at 3-4.)  He denied, however, Ms. Ju's motion for service by the USMS because Ms. Ju did not provide sufficient information to explain why service by the USMS was necessary and did not show that she had made any attempts to effectuate service by private means.  (*Id.* at 2-3.)

On February 12, 2026, Ms. Ju filed the two motions now before the court, along with a motion for leave to file an amended complaint to correct Judge Tsai's name and to join Ms. Doe, the LAF, and Mr. Ju as defendants.  (IFP Mot.; Service Mot.; Mot. to Amend (Dkt. # 16).)  The case was reassigned to the undersigned on February 23, 2026. (2/23/26 Min. Order.)  That same day, the court granted Ms. Ju's motion for leave to amend and deferred ruling on her IFP and service motions.  (2/23/26 Order (Dkt. # 19).)

Ms. Ju filed her amended complaint on March 2, 2026.  (Am. Compl.)  Ms. Ju now raises six claims:  (1) violation of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601, *et seq.*, against Judge Tsai and Ms. Doe; (2) professional negligence/breach of ministerial duty against the LAF; (3) fraudulent concealment and

ORDER - 6

evasion of support obligations against Mr. Ju; (4) intentional infliction of emotional distress against all Defendants; (5) abuse of process and deprivation of due process against Judge Tsai and Ms. Doe; and (6) a claim for damages under the State Compensation Law of Taiwan against Judge Tsai and Ms. Doe.  (*Id.* ¶¶ 5.1-5.28.)  She represents that she exhausted her administrative remedies under the State Compensation Law of Taiwan by filing a formal claim and receiving a formal denial thereof.  (*Id.* ¶ 2.4).

### III.    ANALYSIS

Below, the court reviews Ms. Ju's motions and amended complaint.  In doing so, the court is mindful that Ms. Ju is proceeding *pro se* and therefore the court must construe her pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nevertheless, a *pro se* litigant must follow the same rules of procedure that govern other litigants.  *See*, *e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

### A.    IFP Motion

Although Ms. Ju paid the filing fee at the outset of this case, she now seeks leave to proceed IFP because she cannot afford to serve Defendants in Taiwan.  (IFP Mot. ¶¶ 4-5.)  The court has reviewed Ms. Ju's IFP application and concludes that she qualifies for IFP status.  (*See id.* ¶ 6, Ex. A (IFP application).)  Therefore, the court retroactively grants Ms. Ju IFP status and directs the Clerk to issue her a refund for the amount of her filing fee.  *See*, *e.g.*, *Noh v. United States*, No. C25-1483LK, 2025 WL 2979943, at *1 (W.D. Wash. Sept. 15, 2025) (granting retroactive IFP status and refunding the filing fee after the plaintiff initially paid the filing fee).

**B.      28 U.S.C. § 1915 Review**

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint filed *in forma pauperis* if "at any time" it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings).

Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).  The complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see* Fed. R. Civ. P. 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Furthermore, a district court must dismiss a case if it lacks subject matter jurisdiction over the action.  *Special Invs., Inc. v. Aero Air, Inc.,* 360 F.3d 989, 992 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

//

//

ORDER - 8

1.      Subject Matter Jurisdiction

The court has a continuing duty to confirm its jurisdiction and must "inquire sua sponte whenever a doubt arises as to [its] existence." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).  The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

a.      The LAF

Ms. Ju asserts that this court has subject matter jurisdiction over her claims against the LAF pursuant to the FSIA.  Under the FSIA, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States" except as provided in various exceptions.  28 U.S.C. § 1604; *see id.* §§ 1605-1607 (enumerating exceptions).  The FSIA, if it applies, is the "sole basis for obtaining jurisdiction over a foreign state in federal court." *Samantar v. Yousuf*, 560 U.S. 305, 313-14 (2010) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 439 (1989)).  "Foreign state" as defined by the FSIA includes "a political subdivision of a foreign state or an agency or instrumentality of a foreign state."  28 U.S.C. § 1603.

Because the LAF is an agency or instrumentality of Taiwan (*see* Am. Compl. ¶ 3.4 (so alleging)), it is immune from suit unless an exception to FSIA immunity applies, 28 U.S.C. § 1603.  Ms. Ju asserts that the commercial activity exception to the FSIA enables her to pursue her claims against the LAF in this court.  (Am. Compl. ¶¶ 3.4, 5.10.)  The commercial activity exception applies when:

the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States[.]

28 U.S.C. § 1605(a)(2). "Commercial activity"

means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

28 U.S.C. § 1603(d).

Ms. Ju alleges that the commercial activity exception applies here because the LAF's actions "involved the administration and misclassification of a commercial debt recovery action which ha[d] a direct effect in the United States" by obstructing the Clark County judgment, resulting in financial injury to a United States resident. (Am. Compl. ¶¶ 4.34, 5.10.) The court disagrees. Ms. Ju does not allege that the LAF engaged in any commercial conduct or a commercial transaction or act; rather, she alleges that the LAF provided "fee-based legal sponsorship and classification services" and negligentlhy mischaracterized her legal action in the course of assisting her in the Taiwan proceedings. (*Id.* ¶ 5.10.) The link between charging a fee for legal services in the courts of Taiwan and the United States is too attenuated to plausibly meet the FSIA's requirement that the commercial activity have a "direct effect" in the United States. And even if an action to collect on a debt arising from unpaid child support and maintenance payments could be classified as "commercial," the LAF did not engage in any commercial conduct that led to the accrual of that debt in the United States. (*See generally id.*) Thus, the commercial

activity exception does not apply in this case, and the LAF is immune from suit as an agency or instrumentality of Taiwan.  Ms. Ju's claims against the LAF are, therefore, dismissed without prejudice to raising those claims in a forum that can exercise jurisdiction over her claims against the LAF.

> a. *Judge Tsai and Ms. Doe*

Ms. Ju also asserts that this court has subject matter jurisdiction over her claims against Judge Tsai and Ms. Doe under the FSIA.  (Am. Compl. ¶¶ ¶¶ 4.33-4.35.)  The FSIA, however, does not confer subject matter jurisdiction over claims against individual officials of foreign states.  *See* 28 U.S.C. § 1601, *et seq*.  As a result, the court does not have jurisdiction over Judge Tsai and Ms. Doe pursuant to the FSIA.

Although Ms. Ju does not plead it as a basis for jurisdiction, 28 U.S.C. § 1332(a)(2) generally provides district courts diversity subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of a state and citizens or subjects of a foreign state.  28 U.S.C. § 1332(a)(2).  The court expresses concern, however, over whether it may exercise subject matter jurisdiction over judicial officers of a foreign state.  *See, e.g.*, *Best Med. Belgium, Inc. v. Kingdom of Belgium*, 913 F. Supp. 2d 230, 241 (E.D. Va. 2012) (concluding that the district court did not have jurisdiction over "individuals operating in a capacity as officers of a judicial body" of a foreign state under the act of state doctrine) (citation omitted).

Because Ms. Ju bears the burden of establishing subject matter jurisdiction, *Kokkonen*, 511 U.S. at 377, the court ORDERS her to show cause why it should not dismiss her claims against Judge Tsai and Ms. Doe for lack of subject matter jurisdiction.

ORDER - 11

2.    Personal Jurisdiction

"A federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant." *Jones v. Riker's Island Dep't of Corr., N.Y.*, No. 25-cv-261, 2025 WL 2412091, at *1 (D. Idaho Aug. 20, 2025). "Where an in forma pauperis [c]omplaint lacks an arguable basis in either law or fact pertaining to personal jurisdiction, it must be dismissed sua sponte as frivolous." *Id.* (citation and internal quotation marks omitted); *see also In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void.").

"There are two forms of personal jurisdiction: general and specific." *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 685 (9th Cir. 2025) (citation omitted). General jurisdiction is available when the defendant is "fairly regarded as at home" in the forum state." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). Because none of the Defendants could be said to be "fairly regarded as at home" in Washington (*see generally* Am. Compl.), the court lacks general jurisdiction over Judge Tsai and Ms. Doe. Specific jurisdiction, meanwhile, focuses on "whether the suit 'arises out of or relates to the defendant's contacts with the forum.'" *Harrington*, 142 F.4th at 685 (quoting *Daimler*, 571 U.S. at 127). Courts in the Ninth Circuit analyze specific jurisdiction using a three-prong test:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

ORDER - 12

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted).  Ms. Ju bears the burden of satisfying the first two prongs of the test.  *Id.* (citation omitted).

The court concludes that it cannot exercise specific personal jurisdiction over Judge Tsai and Ms. Doe based on the allegations in Ms. Ju's amended complaint.  Ms. Ju does not allege that Judge Tsai and Ms. Doe were ever present in the United States, let alone in Washington, and she makes no allegations from which the court could reasonably infer that Judge Tsai and Ms. Doe purposefully directed activities at Washington or purposefully availed themselves of the privileges of Washington.  (*See generally* Am. Compl.)  To the contrary, both defendants reside in Taiwan, and all of their conduct giving rise to Ms. Ju's claims against them occurred in Taiwan.  (*See generally id*.)  Thus, even if Ms. Ju can establish that the court has subject matter jurisdiction over her claims against Judge Tsai and Ms. Doe, the court cannot conclude that it has personal jurisdiction over these Defendants based on the current record.  *See, e.g.*, *Issaschar v. ELI Am. Friends of Israel Ass'n for Child Prot., Inc.*, No. CIV. 13-2415, 2014 WL 716986, at *2, *3-4 (E.D. Pa. Feb. 25, 2014) (dismissing for lack of personal jurisdiction claims against judges in Israel arising from conduct relating to a custody battle in the Israeli courts).  Accordingly, the court ORDERS Ms. Ju to show cause why

ORDER - 13

it should not dismiss her claims against Judge Tsai and Ms. Doe for lack of personal jurisdiction.

        2.      <u>Specific Claims</u>

        *a.*      *FSIA*

Ms. Ju raises a claim for violation of the FSIA against Judge Tsai and Ms. Doe. (Am. Compl. ¶¶ 5.1-5.5.)  The FSIA, however, does not provide a private right of action against foreign agencies or instrumentalities except for claims for damages arising out of state-sponsored terrorism.  *See* 28 U.S.C. §§ 1605A, 1605B; *see also Rux v. Republic of Sudan,* 672 F. Supp. 2d 726, 731-32 (E.D. Va. 2009), *aff'd in part, appeal dismissed in part*, 410 F. App'x 581 (4th Cir. 2011) (discussing the addition of the state-sponsored terrorism right of action to the FSIA).  Ms. Ju does not allege that Judge Tsai or Ms. Doe engaged in state-sponsored terrorism.  (*See generally* Am. Compl.)  Therefore, the court DISMISSES Ms. Ju's claim for violation of the FSIA with prejudice.

        *2.*      *State Compensation Law of Taiwan*

Ms. Ju asserts a claim for damages against Judge Tsai and Ms. Doe under the State Compensation Law of Taiwan.  (*See* Am. Compl. ¶¶ 5.22-5.28.)  The State Compensation Law provides a means of redress for persons who suffer damage:

> arising from the intent or negligent act of any employee of the Government [of Taiwan] acting within the scope of his or her office or employment which infringes upon the freedom or right of any person.

State Compensation Law of the Republic of China (Taiwan), Art. 2, available at https://law.moj.gov.tw/ENG/LawClass/LawAll.aspx?pcode=I0020004 (last visited April 30, 2026).  Articles 10 and 11 of the State Compensation Law set forth the procedure to

ORDER - 14

be used to claim compensation.  Specifically, the claimant must file a written application with the "relevant compensating authority," which must then "negotiate with the claimant[.]"  *Id.*, Art. 10.  If the compensating authority refuses to pay compensation, refuses to negotiate, or fails to conclude negotiations within 60 days, the claimant may file suit for compensation.  *Id.*, Art. 11.  Nothing in the State Compensation Law indicates that a claimant may sue an employee of the government of Taiwan in the courts of a foreign country, and the court has not found a single federal case applying the State Compensation Law in its own research.  Therefore, the court DISMISSES Ms. Ju's claims under the State Compensation Law of Taiwan without prejudice to raising them in an appropriate forum.

**C.      Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal.  Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). Here, the court concludes that amendment of Ms. Ju's claims against the LAF, for violation of the FSIA, and under the State Compensation Law of Taiwan would be futile and therefore denies leave to amend those claims.  The court will consider whether to grant Ms. Ju leave to amend her claims against Judge Tsai and Ms. Doe after it reviews her response to the court's order to show cause.

ORDER - 15

## IV.   CONCLUSION

For the foregoing reasons, the court:

(1)   GRANTS Ms. Ju's motion for limited IFP status (Dkt. # 15).  The Clerk is AUTHORIZED and DIRECTED to draw a check for the refund of filing fee paid on September 19, 2025, receipt number SEA 200008426, in the amount of $405.00, payable to Frances Du Ju and to mail the check to Frances Du Ju;

(2)   DISMISSES Ms. Ju's claims against the LAF without prejudice for lack of subject matter jurisdiction;

(3)   DISMISSES Ms. Ju's claims for violation of the FSIA with prejudice and under the State Compensation Law of Taiwan without prejudice for failure to state a claim;

(4)   ORDERS Ms. Ju to show cause, by no later than **June 1, 2026**, why the court should not dismiss her remaining claims against Judge Tsai and Ms. Doe for lack of subject matter jurisdiction and personal jurisdiction.  Ms. Ju's response shall include any additional information that supports this court's exercise of subject matter jurisdiction and personal jurisdiction over Judge Tsai and Ms. Doe.  Failure to timely respond to this order to show cause will result in the dismissal of Ms. Ju's remaining claims against Judge Tsai and Ms. Doe; and

//

//

//

//

ORDER - 16

(5)   DENIES Ms. Ju's motion for USMS service (Dkt. # 14) without prejudice to renewing it later in these proceedings.

Dated this 4th day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 17